UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. GREENE,

    Plaintiff,

v

PAMELA ANDERSON, Individually and in her Official Capacity, SYLVIA JAMES, DEBORAH GREENE, MARCIA McBRIDE [sic] and MILTON SPOKOJNY, Individually and Jointly and Severally,

    Defendants.

No. 2:12-cv-13161

HON. DAVID M. LAWSON

MAG. R. STEVEN WHALEN

---

| | |
|---|---|
| Ben M. Gonek (P43716)<br>Attorney for Plaintiff<br>Giamarco, Mullins & Horton, P.C.<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084<br>(248) 457-7000 | Brittany A. Campbell (P75152)<br>Jeanmarie Miller (P44446)<br>Assistant Attorneys General<br>Attys for Defs. McBrien & Greene<br>Public Employment, Elections &<br>Tort Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 |
| Tom R. Pabst (P27872)<br>Attorney for Defendant Anderson<br>2503 S. Linden Road, Suite 185<br>Flint, MI 48532<br>(810) 732-8430 | James K. Fett (P39461)<br>Joshua Fields (P68559)<br>Fett & Fields<br>Attorneys for Defendant Spokojny<br>804 E. Main Street<br>Pinckney, MI 48169<br>(734) 954-0100 |

                                                                                                       /

**DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants Deborah Greene and Marcia McBride (McBrien)[1] (Defendants) move for dismissal of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of an answer for the reason that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

On March 11, 2013, counsel for Defendants contacted Plaintiff's counsel for concurrence in this motion pursuant to E.D. MI L.R. 7.1(a). Such concurrence was denied.

## RELIEF REQUESTED

Defendants pray that this Court grant this motion and enter an Order dismissing Counts I and II of Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Brittany A. Campbell*
Brittany A. Campbell (P75152)
Jeanmarie Miller (P44446)
Assistant Attorneys General
Attys for Defs. McBrien & Greene
Public Employment, Elections & Tort Div.
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
Campbellb8@michigan.gov
P75152

Dated: March 12, 2013

---

[1] Defendant Marcia McBrien was incorrectly named in Plaintiff's First Amended Complaint as "Marcia McBride."

ii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. GREENE,

    Plaintiff,

v

    No. 2:12-cv-13161

PAMELA ANDERSON, Individually and in her Official Capacity, SYLVIA JAMES, DEBORAH GREENE, MARCIA McBRIDE [sic] and MILTON SPOKOJNY, Individually and Jointly and Severally,

    HON. DAVID M. LAWSON

    MAG. R. STEVEN WHALEN

    Defendants.

---

Ben M. Gonek (P43716)
Attorney for Plaintiff
Giamarco, Mullins & Horton, P.C.
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000

Brittany A. Campbell (P75152)
Jeanmarie Miller (P44446)
Assistant Attorneys General
Attys for Defs. McBrien & Greene
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Tom R. Pabst (P27872)
Attorney for Defendant Anderson
2503 S. Linden Road, Suite 185
Flint, MI 48532
(810) 732-8430

James K. Fett (P39461)
Joshua Fields (P68559)
Fett & Fields
Attorneys for Defendant Spokojny
804 E. Main Street
Pinckney, MI 48169
(734) 954-0100

    /

**DEFENDANTS' BRIEF IN SUPPORT OF
<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

**I.** Plaintiff has not plead sufficient involvement on the part of the Defendants to state a claim under 42 U.S.C. § 1983.

**II.** Plaintiff has failed to establish (1) facts necessary to state a claim of breach of implied contract and (2) any conduct by Defendants Greene and McBrien related to that alleged implied contract.

**III.** In the event all federal claims are dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c)(3).

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Bd. of Regents v. Roth,* 408 U.S. 564; 92 S. Ct. 2701 (1972);

*Bishop v. Wood,* 426 U.S. 341; 96 S. Ct. 2074 (1976);

*City of Chicago v. International College of Surgeons,* 522 U.S. 156; 118 S. Ct. 523 (1977);

*Davis v. Scherer,* 468 U.S. 183; 104 S.Ct. 3012 (1984);

*Dean v. City of Bay City,* 239 Fed. Appx. 107; 2007 WL 1427035 (6th Cir. 2007);

*Doe v. Washington,* 21 F.3d 733 (6th Cir. 1994);

*Lanier v. Bryant,* 332 F.3d 999 (6th Cir.2003);

*Matulewicz v. Governor of Michigan,* 174 Mich. App 295; 435 N.W.2d 785 (1989);

*Skinner v. Unknown Grandson,* Not Reported in F. Supp. 2d; 2009 WL 989635 (E.D. Mich. 2009);

*Thorin v. Bloomfield Hills Bd. of Education,* 203 Mich. App. 692; 513 N.W.2d 230 (1994);

*Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579; 292 N.W.2d 880 (1980);

*Wood v. Strickland,* 420 U.S. 308; 95 S. Ct. 992 (1975);

Fed. R. Civ. P. 12(b)(6)
42 U.S.C. § 1983
28 U.S.C. 1367(c)(3)

## STATEMENT OF FACTS

Plaintiff Michael Greene (Greene) was employed as a court officer with the 22nd District Court in Inkster, Michigan from approximately December 20, 1999 to February 9, 2011. (First Amended Complaint, ¶12, 24). In his Amended Complaint, Greene alleges that he was terminated from employment because he was charged with four felonies in connection with the unauthorized use of a court computer system. (*Id.* at ¶ 25). Defendants in the instant matter include, among others, Deborah Greene and Marcia McBrien (Defendants), who are employees of the State Court Administrator's Office. At all times relevant to this matter, Defendant Deborah Greene was employed as the Region I Administrator for the State Court Administrator's Office. Defendant Marcia McBrien was employed as the MSC Public Information Officer. In this capacity, she served as a liaison between the general public and the judicial branch. Neither Deborah Greene nor Marcia McBrien were employees of the 22nd District Court nor did they ever supervise Michael Greene.

Greene claims Defendants are responsible for his discharge from employment with the 22nd District Court and further deprived him of his rights by failing to provide him with a "name clearing" hearing prior to his termination. (*Id.* at ¶¶34, 41). Greene's Amended Complaint names the above Defendants in their individual capacities. As to Defendants, he alleges violations of 42 U.S.C. § 1983 and wrongful discharge under a state law breach of implied contract theory. (*Id.* at ¶¶45-52). For the reasons set forth in more detail below, Defendants move for dismissal pursuant

1

to Fed. R. Civ. P 12(b)(6) as Plaintiff has failed to state a claim for which relief may be grated.

## APPLICABLE LEGAL STANDARD

### A. Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. A plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is substantial." *Michigan Southern R.R. Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir.2002) (quoting *Musson Theatrical Inc. v. Fed. Ex. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Where a plaintiff fails this test, the court should dismiss the claim.

## ARGUMENT

### I. Greene has failed to identify conduct of Defendants that amounts to a deprivation of a protected liberty or property interest without due process of law. Thus, this Court should dismiss Count I of Greene's Amended Complaint.

In order to establish a viable § 1983 claim, a plaintiff must establish that (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person while acting under the color of state law. *Doe v. Washington*, 21 F.3d 733, 738 (6th Cir. 1994).

2

Importantly, a plaintiff must establish each defendant's *personal responsibility* for the claimed deprivation of a constitutional right: "A plaintiff must allege facts, *not simply conclusions*, that show that an individual was *personally involved* in the deprivation of his civil rights. *Skinner v. Unknown Grandson*, Not Reported in F. Supp. 2d, 2009 WL 909635 at *8 (E.D. Mich. 2009) (quoting *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998)) (per curiam) (emphasis added)[2]. Liability under § 1983 must be based on the personal involvement of the defendant." *Id.* Further, the constitutional rights at issue must be clearly established when the alleged §1983 violation took place. *Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

### A. Greene has failed to allege deprivation of a protected liberty or property interest without due process of law.

In order to determine whether a valid procedural due process claim exists, a two-part analysis must take place: the court must first determine whether the individual interest asserted is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property.' If one of the protected interests is implicated, then the court must determine what procedures involved constitute 'due process of law.' *Bd. Of Regents v. Roth*, 408 U.S. 564, 569-72; 92 S. Ct. 2701 (1972).

Greene alleges a constitutionally protected interest in "his reputation and his opportunity to pursue future employment." (First Amended Complaint, ¶ 41). He further alleges that Defendants deprived him of the above interests by "terminating

---

[2] Pursuant to L.R. 5.1 and 7.1, a full-text copy of the unpublished opinion in *Skinner* has been produced for reference as Exhibit 1.

him without a name clearing hearing or other notice," and that such actions violate his due process rights under the Fourteenth Amendment. (*Id.* at ¶ 42).

Courts have recognized that an adverse public employment decision may trigger liberty interests where the employer publishes the reasons for the discharge. See *Bishop v. Wood*, 426 U.S. 341, 348; 96 S. Ct. 2074 (1976); *Martin v. City of Glasgow, KY*, 882 F. Supp. 2d 903 (W.D. KY., 2012) (holding that in certain cases, a person's good name or reputation may implicate a liberty interest protected by the due process clause of the Fourteenth Amendment). In this case, Greene has not alleged that Defendants published any information about adverse employment action related that would impact his reputation or opportunity to obtain future employment.

Greene also asserts that he has a constitutionally protected property interest in continued employment. (First Amended Complaint, ¶ 31). Courts have recognized that a plaintiff may have a property interest in continued employment and that employees who may be terminated only upon a finding of "just cause" have a property interest in continued employment that may form the basis of a procedural due process claim. See *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39, 542-43 (1985).

In his Amended Complaint, Greene alleges that (1) he was an employee of the 22nd District Court, (2) allegations were made against him related to the unauthorized use of a computer system, (3) he was suspended from employment because felony charges were brought against him related to such unauthorized

4

computer usage, and (4) he was ultimately terminated from his position as a court officer. (First Amended Complaint, ¶¶ 12, 20, 24-25).

Greene makes no reference whatsoever to *specific* oral or written statements, understandings, or custom from which an inference may be made that he could only be terminated upon a finding of just cause. Therefore, he has not affirmatively established that he had a property interest in continued employment with the 22nd District Court.

### B. Greene has not provided facts to establish Defendants' personal responsibility for his claimed deprivation of constitutional rights.

As to his claims against Defendants Greene and McBrien, Greene alleges broad conclusions as opposed to specific facts to show that Defendants were *personally involved* in the deprivation of his civil rights. See *Skinner*, supra, at *8. Simply put, even assuming that Greene did have a protected interest in continued employment, he has not provided any facts to identify Defendants Greene and McBrien as responsible for the unconstitutional deprivation of his interests. Rather, Greene's allegations with regard to his alleged constitutional deprivation are generalized, ambiguous, and directed at all "Defendants". (First Amended Complaint, ¶ 41, 42).

For example, in his First Amended Complaint, Greene vaguely claims that "Defendants" acted to deprive him of a constitutionally protected interest in continued employment without a pre-termination hearing or opportunity to respond. (First Amended Complaint, ¶ 33). It is not clear from the allegations of Greene's Amended Complaint how, if at all, Defendants Greene and McBrien

violated his constitutionally protected rights, or that they knew, or should have known, that their actions would violate those rights. See *Wood v. Strickland*, 420 U.S. 308, 322; 95 S. Ct. 992 (1975).

Greene has only pled generalized conclusions, as opposed to specific facts, to prove that Defendants Greene and McBrien were *personally involved* in any alleged deprivation of his rights. Conclusory, unsupported allegations are insufficient to state a claim under § 1983. See *Lanier v. Bryant*, 332 F. 3d 999, 1007 (6th Cir. 2003).

Neither Defendant Greene nor Defendant McBrien serve as Greene's immediate supervisor, and neither was in direct contact with him on a daily basis at his job as a court officer. In fact, neither Greene nor McBrien even work at the 22nd District Court. As noted above, Defendants Greene and McBrien are employed by the State Court Administrative Office and are completely separated from Plaintiff's day-to-day employment. Defendant Greene is the SCAO Region I Administrator, and Marcia McBrien is the MSC Public Information Officer who serves as the Liaison between the general public and the judicial branch. Any contact that either Defendant Greene or McBrien may have had with Plaintiff Greene was indirectly connected to his dismissal from the 22nd District Court. He has provided no evidence to the contrary.

Greene has failed to identify any conduct on the part of Defendants Greene or McBrien as causing a deprivation of rights. Accordingly, this Court should dismiss

6

count I of Greene's Amended Complaint with prejudice as against Defendants Greene and McBrien pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Plaintiff has failed to establish (1) facts necessary to state a claim of breach of implied contract and (2) any conduct by Defendants Greene and McBrien related to that alleged implied contract.

Count II of Greene's Complaint should be dismissed because (1) Greene has failed to plead facts that support his claims that he had a valid contract, either express or implied, and (2) Greene has provided no facts related to Defendants Greene and McBrien to serve as the basis for an implied contract with the 22nd District Court.

A Plaintiff can prove that he may only be terminated upon "just cause" by three means: "(1) proof of a 'contractual provision for a definite term of employment or a provision forbidding discharge absent just cause;' (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; or (3) a contractual provision, implied at law, where an employer's policies and procedures instill a 'legitimate expectation' of job security in the employee." *Dean v. City of Bay City*, 239 Fed.Appx.107, 112-113; 2007 WL 1427035 (6th Cir.2007).  Count II of Greene's Amended Complaint specifically alleges that the practices and procedures of the 22nd District Court constituted an "implied contract of employment between Plaintiff and the 22nd District Court."  (First Amended Complaint, ¶ 49).

### A. Greene has not established that he had a contract of employment with the 22nd District Court and could only be terminated upon a finding of just cause.

Greene claims that he relied on certain policies, procedures, and practices of the Court, which provided that employees could not be terminated without good or just cause. *Id.* at ¶ 48. He further asserts that the Court had a practice of not terminating employees without good or just cause. *Id.* at ¶ 46.

Greene's implied breach of contract claim is based on the theory elaborated by the Michigan Supreme Court in *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980). The court in *Toussaint* determined that employers may have an implied contractual obligation not to discharge an employee without just cause because of representations made in an employment agreement or because of the employee's legitimate expectations resulting from the employer's policies. *Id.*

Courts have struggled with *Toussaint's* application with regard to public employees. See *Matulewicz v. Governor of Michigan*, 174 Mich. App. 295, 435 N.W.2d 785 (1989), (Court distinguished between private and public employment, upholding the trial court's dismissal of plaintiff's claim for impairment of employment contracts as "disturbingly vague" and finding that the plaintiff failed to allege with particularity the extent to which the contracts were impaired).

In *Thorin v. Bloomfield Hills Bd. of Education,* 203 Mich. App. 692; 700-01, 513 N.W.2d 230 (1994), the court found that *Toussaint* was intended to apply to public employees, but that "a public employee cannot claim an implied contract where it violates the controlling body's statutory authority."

Greene has failed to point to any contractual provision for a definite term of employment, nor any policies or procedures that instill a legitimate expectation of job security with the 22nd District Court that could be regarded as "unequivocal" proof of just cause. *Dean*, 239 Fed. Appx. 107 at 112. The First Amended Complaint merely provides a single allegation regarding an alleged oral assertion made by Defendant James. (First Amended Complaint, ¶ 46). This single, generalized statement is insufficient to serve as the basis for a "legitimate expectation of job security." *Dean*, 239 Fed. Appx. 107 at 112.

**B.     Greene has failed to allege any facts that connect Defendants Greene and McBrien to Plaintiff's alleged implied contract of employment.**

Greene's First Amended Complaint indicates that he relied on the "policies, practices, and procedures *of the Defendants* which provided that employees would not be terminated without good or just cause." *Id*. at ¶ 48. The 22nd District Court is no longer a defendant in this matter, yet the "policies, practices, and procedures" alleged in the Amended Complaint are those of the 22nd District Court, and not those of any individual Defendant. These are the policies upon which Greene relies as a basis for his implied contract of employment: "The aforementioned policies, practices, and procedures constituted an implied contract of employment *between Plaintiff and the 22nd District Court*." (First Amended Complaint, ¶ 49).

In his Amended Complaint, Greene makes no allegations about statements, oral or written, by Defendants Greene or McBrien that could serve as a basis for an implied contract of employment. Yet, Count II of the Amended Complaint seeks relief against Defendants Anderson, James, *Greene, and McBrien*. As described in

9

detail above, Defendants Greene and McBrien are employed by the State Court Administrative Office, not the 22nd District Court, and do not have direct supervisory authority over Greene, who was a court officer or that Defendants Greene and McBrien had any ability to bind the 22nd District Court to any employment contract assuming one even existed. Greene has not alleged any facts to connect Defendant Deborah Greene, SCAO Region I Administrator, and Marcia McBrien, an MSC Public Information Officer, to Count II of the Amended Complaint. Thus, Greene's breach of contract claim against Defendants Greene and McBrien should be dismissed.

### III. This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c)(3).

28 U.S.C. § 1367(c)(3) provides that "[t]he district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – the district court has dismissed all claims over which it has original jurisdiction." In the event that this Court dismisses all federal claims against all parties, the Court should, in accordance with 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over Greene's remaining state law claims.

A decision to decline supplemental jurisdiction is a matter within the broad discretion of this Court. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172; 118 S. Ct. 523; 139 L. Ed. 2d 525 (1977). A court should consider a variety of factors when determining whether to exercise supplemental jurisdiction, however, "including the circumstances of the particular case, the nature of the state

10

law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173.

Moreover, "'a federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ v. Cohill*, 484 U.S. 343, 357; 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 fn. 7.

If this Court dismisses the federal claim, but retains the state law claim, it should decline to exercise supplemental jurisdiction and dismiss the remainder of Greene's complaint.

## CONCLUSION AND RELIEF SOUGHT

Defendants, therefore, pray that this Court grants this motion and enters an Order dismissing Counts I and II of the Amended Complaint with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Brittany A. Campbell*
Brittany A. Campbell (P75152)
Jeanmarie Miller (P44446)
Assistant Attorneys General
Attys for Defs. McBrien & Greene
Public Employment, Elections & Tort Div.
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
campbellb8@michigan.gov

Dated: March 12, 2013    P75152

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

*/s/ Brittany A. Campbell*
Brittany A. Campbell (P75152)
Attorney for Defendant
campbellb8@michigan.gov
P75152

12